U.S. DISTRICT COURT
ESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 3 0 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| **EDDIE RAY JACKSON (#358517)** | **DOCKET NO. 15-cv-2036; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

*Pro se* Petitioner Eddie Ray Jackson filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 13, 2015. [Doc. #1] Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Avoyelles Correctional Center at Cottonport, Louisiana. He challenges his forty-year sentence for forcible rape, imposed in the Ninth Judicial District Court, Rapides Parish, as being constitutionally excessive.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner was charged in an indictment filed on October 6, 2011, with aggravated rape. He entered a plea of not guilty on November 4, 2011. Trial by jury commenced on November 7, 2012, and the jury subsequently found the Defendant guilty of the responsive verdict of forcible rape, a violation of La.R.S. 14:42.1. See State v. Jackson, 2013-808 (La. App. 3 Cir. 2/12/14). Petitioner filed motions for post-verdict judgment of acquittal and new trial on

January 28, 2013. See id. On February 22, 2013, the motions were denied, and Petitioner was sentenced to forty years at hard labor, two years to be served without benefit of probation, parole, or suspension of sentence. Petitioner's counsel objected to the sentence and made an oral motion to reconsider sentence, which was denied. Petitioner also filed a motion to appeal, which was subsequently granted. Id. On March 12, 2013, Defendant filed a pro se motion to reconsider sentence, which was also denied. Id.

On appeal, Petitioner asserted two assignments of error: that the trial court failed to give sufficient consideration to mitigating factors and considered aggravating factors unsupported by the record when it fashioned his sentence, and that his sentence was constitutionally excessive. However, Petitioner's claims regarding mitigating and aggravating factors were not set forth in the objection made by defense counsel or in the motions for reconsideration of sentence. Thus, the appellate court did not review that assignment of error. See State v. Jackson, 2014 WL 576252, 2013-808 (La. App. 3 Cir. 2/12/14), citing La.Code Crim.P. art. 881.1(E) and State v. Senigal, 10-480, p. 2 (La.App. 3 Cir. 11/3/10), 50 So.3d 249, 251.

The appellate court did review the second assignment of error - constitutionally excessive sentence - and found that the trial court did not abuse its discretion in imposing a forty year sentence. The noted that the trial court thoroughly considered the

nature of the offense, the Defendant's status as a third offender, the legislative purpose behind the punishment, and a comparison of the sentences imposed in other rape cases. See id. The Louisiana Supreme Court denied writs on October 24, 2014. See State v. Jackson, 2014-0575 (La. 10/24/14), 151 So. 3d 599. Petitioner sought a writ in the United States Supreme Court, which was denied on May 18, 2015. Jackson v. Louisiana, 135 S. Ct. 2321, 191 L. Ed. 2d 987 (2015).

In the instant Petitioner, Jackson claims that his sentence is constitutionally excessive.

## Law and Analysis

Petitioner did not provide copies of his writ applications in the Louisiana Supreme Court and Supreme Court of the United States. However, even assuming that Petitioner properly exhausted his claim that his sentence is constitutionally excessive, the claim is without merit.

Petitioner claims that his sentence is constitutionally excessive under the Eighth Amendment of the United States Constitution. He relies in part on the case Solem v. Helm, 463 U.S. 277, 284 (1983). In Solem, the Supreme Court held that the Eighth Amendment "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." However, this constitutional principle is tempered "...by the corollary proposition that the determination of prison sentences is

3

a legislative prerogative that is primarily within the province of legislatures, not courts." United States v. Gonzales, 121 F.3d 928, 942 (5th Cir.1997) (citing Rummel v. Estelle, 445 U.S. 263, 274-76 (1980)). "[C]ourts must grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." Gonzales, 121 F.3d at 942 (quotation marks omitted). "[T]herefore, it is firmly established that successful challenges to the proportionality of punishments should be exceedingly rare." Id. (quotation marks omitted).

Interpreting Solem in light of intervening precedent, the United States Fifth Circuit Court of Appeals has set forth the framework to be used when analyzing a claim that a sentence is excessive:

> [W]e will initially make a threshold comparison of the gravity of [petitioner's] offenses against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then ... compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.1992).

The Fifth Circuit has noted that Rummel v. Estelle, 445 U.S. 263 (1980), "establishes a benchmark for disproportionate punishment under the Eighth Amendment." Gonzales, 121 F.3d at 943. In Rummel, the Supreme Court upheld a petitioner's sentence to life imprisonment for obtaining $120.75 under false pretenses. The

sentence was imposed under a Texas recidivist statute and took into account petitioner's prior convictions for fraudulent use of a credit card and passing a forged check. The Fifth Circuit observed:

> We acknowledge that the distinction between constitutional sentences and grossly disproportionate punishments is an inherently subjective judgment, defying bright lines and neutral principles of law. Nevertheless, we can say with certainty that the life sentence approved in Rummel falls on the constitutional side of the line, thereby providing a litmus test for claims of disproportionate punishment in violation of the Eighth Amendment.

Gonzales, 121 F.3d at 943 (footnote omitted).

In addressing Petitioner's claim on appeal, the Third Circuit pointed out several cases where the excessiveness of a sentence imposed for forcible rape had been addressed, wherein the defendants received sentences of forty years, thirty years, and forty years. The appellate court also noted that the trial court thoroughly considered the Petitioner's background, the nature of the offense, the Petitioner's status as a third offender, the legislative purpose behind the punishment, and a comparison of the sentences imposed in other rape cases.

In light of the Rummel finding that a life sentence was not excessive when imposed for a nonviolent offense where the defendant had two prior nonviolent offenses, all of which were relatively minor offenses, this Court cannot conclude that Petitioner's

sentence for the grave crime of forcible rape[1] was grossly disproportionate. In that the sentence was not grossly disproportionate, this Court's "inquiry is finished." Gonzales, 121 F.3d at 942. Because Petitioner's sentence was not so excessive as to violate the United States Constitution, the petition must fail.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be**

---

[1] "The Defendant was convicted of the forcible rape of J.P. J.P.'s testimony indicated the Defendant entered the back door of her home, pinned her down, removed her clothing, and had vaginal and anal intercourse with her. During these events, J.P.'s fourteen-month-old and four-month-old daughters were asleep in another room. As a result of the Defendant's acts, J.P. suffered tears to the vaginal area; tenderness to the vaginal entrance, "the verge of the anal area," and the rectum; and bleeding next to the clitoris." State v. Jackson, 2013-808 (La. App. 3 Cir. 2/12/14)(footnote omitted).

considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 30th day of September, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

7